**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 13, 2014**

# In the Court of Appeals of Georgia

A14A1205. THOMAS v. JOHNSON et al.                    DO-062

DOYLE, Presiding Judge.

Jane Thomas, as the Presiding Elder of the Sixth Episcopal District Georgia of the Christian Methodist Episcopal Church ("the CME"), filed a petition for declaratory judgment and an injunction against Beulah Johnson, Marion Shannon, Jr., Thomas Howard, and Robert Hunt, seeking use and control of the Bethel Christian Methodist Church ("Bethel Church"). Following an evidentiary hearing, the trial court entered final judgment in favor of the defendants. The CME appeals, and we vacate and remand the case for the reasons that follow.

In its petition, the CME, "a hierarchal religious denomination[, which] is organized and functions solely as a connectional church with subordinate governing districts and location church[es]," alleged that for over 100 years, Bethel Church has

been "a subordinated, connectional member of the national CME church," which is "subject to the practice, procedures, rules, and regulations as stated in The Book of Discipline of the [CME], and other governing documents." The CME further alleged that Bethel Church used the name of the CME church; abided by the CME policies and customs; accepted the pastorate and literature of the CME ministers; paid conference assessments and dues to the CME; and participated and enrolled as a subordinate member of the CME at annual and quarterly conferences.[1]

On January 10, 2011, Bethel Church executed a resolution acknowledging that although "in recent years [it] has enjoyed an affiliation with the Sixth District of the [CME]," it was effectively "terminat[ing] and cancel[ing] any and all affiliation with the [CME] in all respects, effective on January 1, 2011." On January 9, 2011, the CME filed its petition for declaratory judgment and injunctive relief, alleging that pursuant to The Book of Discipline, the Bethel Church property was held in trust for the CME, which is "the legal and equitable owner" of the property.[2]

---

[1] The CME attached as exhibits to the petition multiple documents to support these allegations, including Bethel Church programs bearing the name "Bethel CME Church" and various CME conference documents listing "Bethel CME Church."

[2] The CME alleged that the defendants changed the locks to the church, changed the church name, refused to allow the CME pastor and presiding elder to enter the church, and misused funds.

2

The CME attached as exhibits to the complaint an excerpt from the 2010 CME Book of Discipline and a copy of a quitclaim deed for the church property, executed on March 13, 1996, which reflects that C. C. Ranch, Inc., a Florida corporation, conveyed the property at issue "unto BEULAH JOHNSON, SOLOMON McCRARY, MARION SHANNON, LUCILLE EZELL, and THOMAS HOWARD as the Trustees of Bethel Church and to their successors in office (Bethel Church being an unincorporated religious association) of Crawford County, Georgia, their successors, heirs, executors, administrators[,] and assigns."

The defendants filed an answer, and the trial court conducted a final hearing on August 1, 2013. The defendants presented a witness at the hearing, but the trial court did not hear the testimony of the CME's witnesses.[3]

On December 16, 2013, the trial court entered a final judgment in favor of the defendants. In its order, the trial court found that the 1996 quitclaim deed conveying the church property at issue to Bethel Church did not create a trust in favor of the CME. And despite concluding that Bethel Church "is a member of . . . [the CME]," a hierarchical organization, and that Bethel Church "is, by agreement, bound to

---

[3] Although the trial court engaged in colloquy with defendant Howard, Howard was not sworn in, nor did he take the stand, despite the CME's lawyer's request that he do so.

follow its organizational by-laws, codified in The Book of Discipline," the trial court ruled that the CME had no rights to the property because there was insufficient evidence that Bethel Church's conduct and relationship with the CME created an implied trust in favor of the CME.[4] The CME appeals, arguing that the trial court denied it due process of law by precluding it from presenting evidence at the final hearing and that the trial court erred by finding that the CME had no interest in the property.

> While the State has a legitimate interest in the peaceful resolution of property disputes and provides a civil forum in which the ownership of church property can be determined, the First Amendment severely circumscribes the role that civil courts may play in resolving church property disputes. As a result, civil courts use neutral principles of law, i.e., statutes, charters, relevant deeds of conveyance, and the organizational constitutions and bylaws of the denomination, to resolve hierarchical church property disputes. A trust in favor of the general church can be created by the deed on the property, can be implied under

---

[4] The trial judge attempted to distinguish he instant case from *Rector, Wardens, Vestrymen of Christ Church in Savannah v. Bishop of Episcopal*, 290 Ga. 95, 96-97 (1) (718 SE2d 237) (2011) (applying the neutral principles of law and affirming the trial court's finding that the property of a local church is held in trust for the benefit of the Protestant Episcopal Church in the United States of America ).

state statutes, or can be required by the constitution of the general church.[5]

We review all of these materials, keeping in mind that the outcome of these church property disputes usually turns on the specific facts presented in the record, that the neutral principle factors are interrelated, and that our ultimate goal is to determine the intentions of the parties at the local and national level regarding beneficial ownership of the property at issue as expressed before the dispute erupted in a legally cognizable form.[6]

The CME's Book of Discipline provides that "[t]itles to all properties held at [various] levels, local churches, or an agency or institution of the church shall be held in trust for the [CME] and subject to the provisions of its Discipline."[7] Paragraph

---

[5] (Citations omitted.) *Kemp v. Neal*, 288 Ga. 324, 326 (2) (704 SE2d 175) (2010), citing *Jones v. Wolf*, 443 U. S. 595, 602 (III) (99 SCt 3020, 61 LE2d 775) (1979).

[6] (Citations and punctuation omitted.) *Presbytery of Greater Atlanta, Inc. v. Timberridge Presbyterian Church, Inc.*, 290 Ga. 272, 276-277 (2) (719 SE2d 446) (2011). See also *Rector &c of Christ Church in Savannah*, 290 Ga. at 96-97.

[7] (Punctuation omitted.) The Book of Discipline, Par. 602 (2010 ed.). We note that there is no evidence in the record regarding whether the provisions of The Book of Discipline cited herein were in effect at the time the church property was conveyed. Because, however, the CME was precluded from presenting evidence, we assume that the provisions were in effect at the relevant time for purposes of this appeal.

5

602.2 (2010 ed.) of The Book of Discipline provides that every deed of property to a local church shall include a trust clause, which provides that the property is held in trust for the use of the members and ministry of the CME. Given this language in the governing CME documents, evidence regarding whether Bethel Church was affiliated with the CME, accepted the benefits afforded to it as a result, and was subject to the trust provisions of The Book of Discipline was relevant.[8]

Here, however, the trial court prohibited the CME from presenting witnesses and evidence to support its claims. At multiple times during the final hearing, counsel for the CME asked to present witnesses, but the trial court did not permit her to do so, instead limiting the hearing to argument from counsel and testimony from a defense witness and an unsworn defendant. At one point near the end of the hearing, the trial court noted a lack of evidence in the record on a particular issue, and counsel for the CME responded that she would have presented evidence if given the opportunity to do so.

> The constitution of this [S]tate guarantees to all persons due process of law and unfettered access to the courts of this [S]tate. These

---

[8] See *Rector &c of Christ Church in Savannah*, 290 Ga. at 115-116 (1) (c) (7); *Sirmans v. Board of Trustees of South Georgia Annual Conference of United Methodist*, 295 Ga. App. 378, 382-384 (4) (672 SE2d 423) (2008).

6

fundamental constitutional rights require that every party to a lawsuit be afforded the opportunity to be heard and to present his claim or defense, i.e., to have his day in court. Integral to these rights is the ability to present witnesses and other lawful evidence; thus, limitations imposed by a trial judge that prevent a full and meaningful presentation of the merits of the case mandate reversal.[9]

In this case, the trial court's conduct at the final hearing deprived the CME of its right to due process.[10] Accordingly, we vacate the final judgment and remand for a full evidentiary hearing.

*Judgment vacated and case remanded. Miller and Dillard, JJ., concur.*

---

[9] (Citation and punctuation omitted.) *Cousins v. Macedonia Baptist Church of Atlanta*, 283 Ga. 570, 573-574 (1) (662 SE2d 533) (2008), citing Ga. Const. of 1983, Art. I, Sec. I, Pars. I, XII.

[10] See *Cousins*, 283 Ga. at 574 (1).